

**U.S. Department of Justice**

Criminal Division



*Washington, D.C. 20530*

October 1, 2007

John W. Kern, Esq.
919 Eighteenth Street, NW
Suite 350
Washington, D.C. 20006

**FILED**

**NOV 16 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

    Re:   <u>Christina Song</u>

CR 07-261-RWR

Dear Mr. Kern:

    This letter sets forth the full and complete plea offer to your client Christina Song (hereinafter referred to as "defendant"). This offer is binding only upon the Fraud Section, Criminal Division of the United States Department of Justice and the United States Attorney's Office for the District of Columbia (hereafter "the Government"), and will expire on October 4, 2007. Upon the Government's receipt of the executed letter, the letter itself will become the plea agreement. The terms of the offer are as follows:

    1. <u>Charges</u>. The defendant agrees to waive Indictment and plead guilty to a two count Information charging her with one count of conspiracy to defraud the United States (18 U.S.C. § 371) and one count of mail fraud (18 U.S.C. § 1341). It is understood that the guilty plea will be based on a factual admission of guilt to the offenses charged to be made before the Court by the defendant. The defendant agrees that the attached "Statement of the Offense" fairly and accurately describes the defendant's actions and involvement in the charged offense. During the plea hearing, the defendant will adopt the Statement of the Offense as a written proffer of evidence.

    2. <u>Potential penalties and assessments</u>. The defendant understands that the maximum sentences that can be imposed for the violations charged in the Information are: Count One: up to five years' imprisonment, a fine of not more than $250,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), and up to three years' supervised release; and Count Two: up to thirty years' imprisonment, a fine of not more than $1,000,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), and up to five years' supervised release. The combined maximum sentence is thirty-five years' imprisonment, a fine of $1,250,000 or more, based upon a determination of pecuniary gain and loss, and eight years' supervised release. Notwithstanding the maximum sentences, the defendant understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u>, 2003 Edition

(hereinafter "Sentencing Guidelines"). The defendant understands that her sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the Government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. The defendant further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however, limit the defendant's right to appeal an unlawful sentence.

3. <u>Forfeiture</u>. The defendant agrees to entry of a money judgment against her in the amount of $300,000, which constitutes proceeds of the mail fraud offense to which she will plead guilty. The defendant will pay this money judgment at the time of sentencing by way of certified check in the amount of $300,000, made payable to the United States Marshals Service, in satisfaction of the money judgment, and this amount will constitute the total amount forfeitable from defendant as a result of the mail fraud offense to which she will plead guilty. In order to effectuate the forfeiture, the defendant agrees to the entry of a Consent Order of Forfeiture, a copy of which is attached hereto. The defendant warrants that she is the sole owner of the $300,000 being submitted to the United States and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the forfeiture of such money and property.

If the defendant cannot provide the full forfeiture amount of $300,000 to the United States at the time of her sentencing, the defendant agrees to take whatever steps necessary to pass clear title and interest in and to forfeit the following real property to the United States for the purpose of satisfying her forfeiture obligation:

7765 Ridgeview Lane, Whittier, California 90606

738 South Chapel Ave., Unit 12, Alhambra, California 91801

The defendant warrants that she is the owner of the properties listed above and/or has the authority to transfer full interest in the properties to the United States. If, prior to sentencing, the defendant has sold the real property at fair market value in an arms-length transaction for the sole purpose of generating funds for forfeiture, the government agrees that the properties will not be subject to forfeiture.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement. Additionally, if the full forfeiture amount of $300,000 has not been provided to the United States at the time of her plea, the defendant also agrees to identify all assets over which she exercises or exercised control, directly or indirectly, within the past six years, or in which she has or had during that time any financial interest and agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any record of assets owned at any time by the defendant.

The defendant further agrees to waive all interest in the forfeited assets and property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such assets and property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the plea agreement and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this plea agreement is subject to forfeiture as proceeds of illegal conduct and/or substitute assets for property otherwise subject to forfeiture.

4. <u>Defendant's Obligations</u>. The defendant agrees that she shall cooperate fully with the Government by providing truthful, candid, and complete information as to all matters within her knowledge concerning her wrongful conduct as well as any wrongful conduct involving others. The defendant understands that such cooperation will include:

    a.    Attending all meetings at which the Government requests her presence;

    b.    Providing to the Government, upon request, any document, record, or other evidence relating to matters about which the Government or any designated law enforcement agency inquires, including but not limited to a full, complete and accurate personal financial statement;

    c.    Testifying truthfully at any trial, hearing, or other grand jury or court proceeding if requested to do so by the Government; and

    d.    Bringing to the attention of the Government all crimes which she has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which she has been or is a subject, target, party, or witness.

5. The Government reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the Government the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence calculated by the Sentencing Guidelines, the Government may at or before sentencing make a motion pursuant to Section 5K1.1 of the

Sentencing Guidelines reflecting that the defendant has provided substantial assistance and recommending a downward departure from the applicable guideline range. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the Government to file such a motion and that the Government's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant. If the United States files a motion under Section 5K1.1 of the Sentencing Guidelines, both parties will have the right to present facts to the Court regarding the defendant's cooperation and to argue for the extent of the departure that is appropriate based on the defendant's cooperation. However, the defendant understands that the decision whether to depart, and the extent of any such departure, is the exclusive province of the Court.

6. The defendant understands and acknowledges that the Court is under no obligation to grant a Government motion pursuant to Section 5K1.1 of the Sentencing Guidelines as referred to in paragraph 5 of this agreement, should the Government exercise its discretion to file such a motion.

7. <u>Federal Sentencing Guidelines</u>. Although not binding on the Court, the parties agree that the 2003 Sentencing Guidelines apply as follows:

| | | |
|---|---|---|
| (a) | Base Offense Level (§ 2B1.1) | 7 |
| (b) | Loss more than $7,000,000 and less than $20,000,000 (§ 2B1.1) | 20 |
| (c) | Derived more than $1,000,000 in gross receipts from one or more financial institutions (§ 2B1.1) | 2 |
| | Subtotal | 29 |
| (d) | Acceptance of Responsibility (§ 3E1.1) | -2 |
| (e) | Assistance (§ 3E1.1) | -1 |

Adjusted Offense Level                                   26
(Assuming Criminal History Category I)     (63-78 months)

8. The defendant agrees not to seek any decrease in her adjusted offense level as set forth above, except as noted above in paragraph 5. The defendant further agrees not to seek a downward departure or variance for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines and that a sentence within the applicable guidelines range is reasonable. The Government also agrees not to seek an upward departure or variance for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

9. <u>Financial Arrangements</u>. The defendant agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $200 ($100 per count) to cover the special assessment, as required in Title 18, United States Code, Section 3013. The defendant also agrees to provide to the Government a full and complete accounting of all assets, real or tangible, held by him or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

10. <u>Reservation of Allocution</u>. The Government and the defendant reserve the right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceedings(s) before the Bureau of Prisons all of its evidence with respect to the defendant's criminal activities.

11. The Government reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

12. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

13. <u>Waiver of Certain Rights</u>. The defendant is aware that federal law, specifically 18 U.S.C. § 3742, affords her the right to appeal her sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on her and is not binding on the Court. Knowing that, the defendant waives the right to appeal her sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences the defendant to a period of imprisonment longer than the statutory maximum or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §§ 5K2. In agreeing to this waiver, the defendant is aware that her sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, the defendant knowingly and willingly waives her right to appeal the sentence, to the extent noted above and in Paragraph 2, in exchange for the concessions made by the Government in this agreement. Additionally, the defendant acknowledges and agrees that the Court has jurisdiction and authority over this case and that it has the right to impose any sentence within the statutory maximum set for the offenses to which the defendant pleads guilty. The defendant also waives any challenges to her plea based upon statute of limitations.

14. <u>Government Concessions</u>. In exchange for the defendant's guilty plea, the Government agrees to recommend a two-level adjustment for acceptance of responsibility and a one-level adjustment for assisting authorities pursuant to U.S.S.G.

§ 3E1.1 based upon the defendant's recognition and timely acceptance of personal responsibility. The Government also agrees not to oppose the defendant's release pending sentencing provided that the defendant obeys all the terms of the plea agreement. The Government, however, will not be required to make these recommendations if any of the following occurs: (1) defendant fails or refuses to make a full, accurate, and complete disclosure to the Government or the probation office of the circumstances surrounding the relevant offense conduct and her present financial condition; (2) defendant is found to have misrepresented facts to the Government prior to entering into this plea agreement; (3) defendant commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official; or (4) defendant fails to comply with any terms of this plea agreement.

15. Also, subject to other paragraphs in this agreement, the Government agrees not to bring any additional criminal charges against the defendant for the criminal activity outlined in the attached Statement of the Offense. This agreement not to prosecute the defendant does not extend to crimes of violence. It is understood that the United States has no evidence, as of the date of the agreement, of any crimes of violence involving the defendant.

16. <u>Breach of agreement</u>. Defendant agrees that if she fails to comply with any of the provisions of this plea agreement, including the failure to tender such plea agreement to the Court, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the Government will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the defendant's release (for example, should the defendant commit any conduct after the date of this agreement that would form the basis for an increase in the defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or Court – the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

17. In the event of a breach of this plea agreement, any such prosecution of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. The defendant knowingly and voluntarily

agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

   18. <u>Fraud Section, Criminal Division of the United States Department of Justice and United States Attorney's Office for the District of Columbia Bound</u>. The defendant understands that this agreement is binding only upon the Fraud Section, Criminal Division of the United States Department of Justice and the United States Attorney's Office for the District of Columbia. This agreement does not bind any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

   19. <u>Complete Agreement</u>. No other agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, the defendant's counsel, and the Government.

STEVEN A. TYRRELL
Chief, Fraud Section
Criminal Division
United States Department of Justice

By: _____
HANK BOND WALTHER
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20005
(202) 257-6176


JEFFREY A. TAYLOR
United States Attorney
In and for the District of Columbia

By: _____
MICHAEL K. ATKINSON
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, D.C. 20530
(202) 616-3702

Acceptances:

    I have read this plea agreement and discussed it with my attorney John W. Kern, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

    I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in connection with this plea agreement and matters related to it.

Date: 10/4/07

Christina Song

   I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client fully. These pages accurately and completely set forth the entire plea agreement.

Date: 10/4/07

John W. Kern, Esq.
Attorney for the Defendant